■ In the Matter of MURRAY SALTZMAN, Doing Business as EVANS DRUG STORE, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's request for a refund of sales taxes. ¶ During the period in question, March 1, 1976 through August 31, 1979, petitioner operated a retail drugstore in New York City. In June, 1980, petitioner filed an application for a refund of sales tax of $8,225.74, plus interest. This application was based upon a field audit conducted by the Audit Division of the State Department of Taxation and Finance which showed that petitioner's reported taxable sales exceeded the taxable sales determined by the auditor. By letter dated November 10, 1980, the Audit Division denied petitioner's claim for a refund on the ground that the amount of sales tax reported by petitioner represented an overcollection of sales tax from his customers, which overcollection was correctly remitted to the Tax

---

Department. Petitioner then filed a petition with respondent Tax Commission for a refund of the sales tax paid, based upon the audit results. Following a small claims hearing, the Tax Commission sustained the Tax Department's denial of the refund. This transferred CPLR article 78 proceeding ensued. ¶ The determination should be confirmed. As noted by the Tax Commission, every retail vendor, such as petitioner, is required to collect the appropriate sales tax from the customer when collecting the price for a taxable item (Tax Law, § 1132, subd [a]). Moreover, the seller is expressly required to pay to the Tax Commission all sales tax collected, including any excess of the correct amount (Tax Law, § 1137, subd [b], par [iii]). Although the seller may obtain a refund of any tax "erroneously, illegally or unconstitutionally collected or paid" (Tax Law, § 1139, subd [a]), in order to be entitled to such a refund of tax, which was collected from a customer, the vendor must establish that he has actually repaid the tax to the customer (Tax Law, § 1139, subd [a]; 20 NYCRR 534.2 [c]; 534.7 [a]). ¶ Consequently, in order to establish that he is entitled to a refund herein, petitioner was required to demonstrate (1) the amount of sales tax liability during the period, (2) the amount of sales tax collected from his customers during the same period, and (3) that he has repaid any overcollection of tax to his customers. A review of the record reveals that petitioner has wholly failed to make the above required showing. ¶ It is uncontroverted that petitioner failed to keep records of each individual sale, as required by the Tax Law (Tax Law, § 1135). Petitioner, rather, maintained only a daily book which contained *only one total figure of all receipts*. This being the case, there was no figure kept indicating the actual amount of sales tax collected. Petitioner's accountant explained that in preparing petitioner's sales tax returns, he estimated the amount of taxable sales by applying an arbitrary 35% to gross sales. The accountant testified that based upon petitioner's records, he could not determine the exact amount of taxable sales made during the audit period, nor could he determine the amount of tax actually collected from the customers. Accordingly, the accountant was unable to determine whether the amount of tax remitted to the State was more than was collected from petitioner's customers. ¶ In sum, contrary to petitioner's assertions, the Tax Commission's determination is both rational and supported by substantial evidence. The determination must, therefore, be confirmed. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.